UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IDDO GAVISH<br> *Plaintiff,*<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC<br> *Defendant.* | CIVIL ACTION NO. 5:23-CV-253 |

### DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant"), Defendant in the above-styled and numbered cause, and files its Original Answer to the Original Petition (the "Complaint") filed by Plaintiff Iddo Gavish ("Plaintiff") and Counterclaim against Plaintiff and, in support hereof, respectfully shows this Honorable Court the following:

### I.
### ADMISSIONS & DENIALS

**A. PARTIES.**

1. There is nothing in Paragraph 1 to admit or deny, but discovery will not proceed under Level 2 in federal court.

2. There is nothing in Paragraph 2 to admit or deny as this only addresses the damages Plaintiff seeks. To the extend an admission or denial is needed, Defendant denies Plaintiff is entitled to any damages.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

B.   **JURISDICTION & VENUE.**

5. Defendant admits the allegations in Paragraph 5 of the Complaint only to the extent that they do not contest subject matter jurisdiction.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies that venue in Bexar county is mandatory.

C.   **FACTUAL ALLEGATIONS.**

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant can neither admit nor deny all allegations contained in Paragraph 10 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

11. Defendant can neither admit nor deny all allegations contained in Paragraph 11 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

12. Defendant can neither admit nor deny all allegations contained in Paragraph 12 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

13. Defendant can neither admit nor deny all allegations contained in Paragraph 13 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the first sentence of Paragraph 15 of the Complaint but denies the remaining allegations contained therein.

D.    **COUNT 1 – STATUTE OF LIMITATIONS PREVENTS FORECLOSURE.**

16.    There are no allegations in Paragraph 16 of the Complaint to admit or deny; to the extent necessary, this is not an accurate representation of Texas law, and Defendant denies the allegations.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

E.    **COUNT 2 – BREACH OF CONTRACT.**

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations in Paragraph 20 of the Complaint.

21.    There are no allegations in Paragraph 21 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations.

22.    There are no allegations in Paragraph 22 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations.

F.    **COUNT 3 – VIOLATIONS OF TEXAS PROPERTY CODE 51.**

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint.

25.    There are no allegations in Paragraph 25 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations.

26.    There are no allegations in Paragraph 26 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations.

G.    **TEMPORARY RESTRAINING ORDER.**

27.    There are no allegations in Paragraph 27 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations and that Plaintiff is entitled to injunctive relief.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

30.    There are no allegations in Paragraph 30 of the Complaint to admit or deny; to the extent necessary, Defendant denies the allegations.

H.    **CONDITIONS PRECEDENT.**

31.    Defendant can neither admit nor deny all allegations contained in Paragraph 31 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

32.    Defendant can neither admit nor deny all allegations contained in Paragraph 32 of the Complaint based on lack of evidence at this stage of the case; accordingly, Defendant denies all allegations.

## II.
### AFFIRMATIVE DEFENSES

33.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of release.

34.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that Plaintiff's claims are barred by contract.

35.    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of waiver.

36. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of justification.

37. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of limitations.

38. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts that there were independent or intervening causes of Plaintiff's damages.

39. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts that its acts were not the producing cause of Plaintiff's damages.

40. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of reliance upon information from other sources pursuant to TEX. BUS. & COM. CODE §17.506(a).

41. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to any recovery from Defendant. However, to the extent any recovery is awarded to Plaintiff, such recovery must be offset by any amounts received from joint tortfeasors or the other defendants according to their proportionate responsibility under the applicable Texas law. Defendant prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to any matter pertaining to the claim or claims made herein by Plaintiff. In this regard, Defendant invokes all rights under law, including without limitation, any above-mentioned rights or election of rights provided by §33.014, or otherwise in Chapter 33 of the Texas Civil Practice & Remedies Code, or by any applicable law.

42. If this Court finds that Defendant committed error, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of *bona fide* error.

43. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that these sums are, in fact, owed.

44. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant is entitled to an offset against Plaintiff's damages, if any, for the amount due and owing under the subject debt.

45. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff does not properly plead certain allegations required under the Federal Rules of Civil Procedure to be plead with specificity.

46. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that the economic loss rule applies and bars Plaintiff from recovery in this litigation.

47. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the statute of frauds applies in this matter and bars Plaintiff from recovery in this litigation.

48. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's equitable claims are barred, in whole or in part, because Plaintiff has unclean hands.

49. Defendant reserves the right to amend this Answer to assert other and further defenses.

## III.
## COUNTERCLAIM

50. COMES NOW SPECIALIZED LOAN SERVICING LLC ("SLS" or "Counter-Plaintiff") and files this Counterclaim seeking Judicial Foreclosure on behalf of itself and its successors and/or assigns against Iddo Gavish ("Gavish" or "Counter-Defendant") and in support thereof, respectfully show this Court as follows:

A. **ADDITIONAL PARTY JOINED.**

51. Third-Party Defendant and necessary party, Sheri Gavish is an individual and a resident of San Antonio, Bexar County, Texas. She may be served with process at 1411 Alpine Pond, San Antonio, Texas 78260 (the "Property") or wherever she may be found. SLS will prepare Summons or Citation, as applicable, and requests service at this time.

B. **BACKGROUND FACTS.**

52. On or about August 18, 2006, Iddo and Sheri Gavish executed and delivered to Meridas Capital, Inc., a Note in the original principal sum of $43,326 ("Purchase Money Agreement") together with a Purchase Money Security Agreement.

53. The Purchase Money Deed of Trust granted a lien on the real property and improvements located at 1411 Alpine Pond, San Antonio, Texas 78260 (the "Property") which is legally described as:

> **LOT 43, BLOCK 101, LAKESIDE AT CANYON SPRINGS, UNIT-1 (PLANNED UNIT DEVELOPMENT), BEXAR COUNTY, TEXAS; ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 9565, PAGES 147-155, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.**

54. The Purchase Money Agreement was subsequently assigned to Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS then assigned its interest the in Purchase Money Agreement to Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2007-1SL, Asset-Backed Securities, Series 2007-1SL ("Deutsche Bank"). SLS services the mortgage on behalf of Deutsche Bank. Iddo Gavish failed to remit monthly mortgage payments as they came due. The Deed of Trust permits the lender to require immediate payment-in-full of all sums secured by the Deed of Trust if Iddo Gavish fails to remit monthly mortgage payments as set forth in the Note.

55. The Purchase Money Agreement was assigned to Deutsche Bank, and Deutsche Bank is entitled to enforce its terms. Iddo Gavish defaulted under the terms of the Note and Deed of Trust by failing to remit monthly mortgage payments as they came due. The lender gave all proper notices to cure the default. The debt remains due and owing, and the borrower is due for the August 1, **2012** monthly mortgage payment and all subsequent payments due thereafter.

56. After allowing all just and lawful payments, offsets, and credits, the unpaid principal balance alone is $41,681.19 through February 28, 2023. This does not include interest, late fees, escrow shortage, other loan charges, as permitted under the terms of the Deed of Trust, and reasonable and necessary attorney's fees and costs of court.

57. All conditions precedent of recovery of Judgment against the Iddo and Sheri Gavish have occurred or have been performed.

C. **CAUSES OF ACTION AGAINST IDDO GAVISH AND SHERI GAVISH.**

   1. *Breach of Contract.*

58. SLS on behalf of the investor sues Iddo Gavish and Sheri Gavish for breach of contract. Iddo Gavish and Sheri Gavish breached the terms of the Purchase Money Agreement by failing to remit payments pursuant to the terms of the Purchase Money Agreement. The Gavishes' breach caused damages to Counter-Plaintiff in the amounts within the jurisdictional limits of this Court.

59. The Purchase Money Agreement provides for foreclosure of the Property upon default. Counter-Plaintiff's relief and remedy under the terms of the Purchase Money Agreement is foreclosure of its security intertest against the Property pledged as collateral for the Purchase Money Agreement.

60. SLS, on behalf of the investor and its successors and/or assigns, seeks (i) a judgment fixing the and establishing the amount due under the non-recourse loan and (ii) an order allowing SLS and its successors and/or assigns, to exercise its power of sale remedy under the Purchase Money Agreement and Tex. Prop. Code § 51.002 and foreclose nonjudicially with a substitute trustee. Alternatively, SLS and its successors and/or assigns seek judicial foreclosure and an order instructing the Constable or Sheriff to sell the Property to the highest bidder for cash in accordance with Texas law.

    2. ***Frivolous Lawsuit Under Texas Law and Reimbursement of Attorney's Fees and Costs Pursuant to the Purchase Money Agreement.***

61. Plaintiff filed this frivolous lawsuit to stop foreclosure proceedings. This lawsuit is Plaintiff's attempt to stop foreclosure without a legitimate basis to sue Defendant. Plaintiff's pleadings in this matter violate Tex. Civ. Prac. & Rem. Code §§9.011 *et seq*. and §§10.001 *et seq*. because the pleadings are (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for an improper purpose, such as to cause unnecessary delay and/or needless increase in the cost of litigation.

62. Plaintiff filed a groundless lawsuit to delay Defendant's right to foreclose and take possession of its collateral following default.

63. On information and belief, Plaintiff and/or others continue to retain possession of the Property without satisfying the matured debt on the Purchase Money Agreement at issue. Plaintiff now seeks injunctive relief, invoking the powers of this Court, to prevent dispossession from the Property.

64. The Purchase Money Agreement permits Defendant to recover attorneys' fees and costs. In conjunction with the terms of the Purchase Money Agreement, Defendant seeks

recovery of its reasonable and necessary attorneys' fees, witness fees, costs, fees of experts and deposition expenses, if any.

## IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, SLS prays that:

(1) Plaintiff takes nothing by reason of this suit;

(2) The Court enter Judgment allowing SLS and its successors and/or assigns to proceed with non-judicial foreclosure of the Purchase Money Agreement through a substitute trustee;

(3) The Court award SLS its reasonable and necessary attorney's fees and costs incurred in their defense; and

(4) The Court award SLS such other and further relief, at law, and in equity, to which it is justly entitled.

Respectfully submitted,

By: __//s// Branch M. Sheppard__
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY JOHNSON TOMPKINS BURR & SMITH, A PLC

Sara A. Morton
Texas State Bar No. 24051090
smorton@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was delivered via CM/ECF to the following on March 8, 2023.

**VIA CM/ECF**
ERIC DAYS
GUERRA DAYS LAW GROUP, PLLC
515 N. SAM HOUSTON PKWY E, STE. 250
HOUSTON, TEXAS 77060
**ATTORNEYS FOR PLAINTIFF**

                                                                                        //s// Branch M. Sheppard
                                                                                         Branch M. Sheppard